UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MULUGHETA WOLDESELASSIE, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-00647-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF No. 16] |

Before the Court is Defendants Mulugheta Woldeselassie and Tsehaye Woldeselassie's ("Defendants") Motion to Dismiss Plaintiff Scott Johnson's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants own a mini market in San Jose, California that Plaintiff allegedly visited on two separate occasions in October and November 2021 to find that the market did not have a wheelchair-accessible paths of travel. Plaintiff, who is a C-5 quadriplegic who uses a wheelchair for mobility, has sued Defendants for failure to reasonably accommodate his disability under (1) the ADA, 42 U.S.C. § 12101, *et seq.*; and (2) California's Unruh Act, Cal. Civ. Code §§ 51–53. Plaintiff seeks an injunction compelling Defendants to comply with the ADA and Unruh Act, equitable nominal damages under the ADA, statutory damages under the Unruh Act, and attorneys' fees and costs. On March 21, 2022, Defendants moved to dismiss, arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims due to lack of standing under Rule 12(b)(1), as well as various pleading defects under Rule 12(b)(6). The Court found the matter suitable for disposition without oral argument and vacated the May 12, 2022 hearing. *See* ECF 23; Civ. L.R. 7-1(b).

For the following reasons, the Court DENIES Defendants' Motion to Dismiss.

## I. BACKGROUND

As alleged in the Complaint, Defendants owned Yawh Mini Market located at or about 367 Meridian Ave., San Jose, California (the "Store") in October and November 2021. *See* Complaint, ECF 1 ¶¶ 2–3. Plaintiff is a C-5 quadriplegic who cannot walk and uses a wheelchair for mobility. *See id*. Plaintiff alleges that he visited the Store in October 2021 and November 2021 with the intention to avail himself of its goods or services. *See id.* ¶ 8. Plaintiff alleges that on the dates he visited the Store, Defendants failed to provide wheelchair-accessible paths of travel in conformance with the ADA Standards. *See id.* ¶ 10. Plaintiff alleges that the Store's paths of travel narrowed to less than 36 inches in width in some places. *See id.* ¶ 12. Plaintiff further alleges that such barriers are easily removed without much difficulty or expense. *See id.* ¶ 19. Plaintiff alleges that he will return to the Store to avail himself of its goods or services once it is represented to him that the Store is accessible. *See id.* ¶ 20. Plaintiff brings claims against Defendants for violations of the ADA and California's Unruh Act. *See id.* ¶¶ 22–33.

On March 21, 2022, Defendants filed a motion to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. *See* Mot., ECF 16. On April 4, 2022, Plaintiff filed an opposition to Defendants' motion to dismiss. *See* Opp., ECF 21. On April 11, 2022, Defendants filed a reply to Plaintiff's opposition. *See* Reply, ECF 22.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2

1  The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### B.   Federal Rule of Civil Procedure 12(b)(6): Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court needs not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint needs not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### C.  ADA Claim

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Plaintiff's claim is asserted under Title III.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendants are private entities that own, lease, or operate a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendants because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

4

## III. DISCUSSION

### A. Threshold Issues

First, the Court addresses two threshold issues: (1) Plaintiff's request to deny this motion and allow discovery under Rule 56(d), and (2) Defendant's request for judicial notice.

First, Plaintiff requests that the Court deny or defer Defendants' motion under Rule 56(d) and permit him to take discovery. Under Federal Rule of Civil Procedure 56(d), a court may defer or deny a motion for summary judgment if the nonmovant establishes that "it cannot present facts essential to justify its opposition." But this is a motion to dismiss, not a motion for summary judgment, so Rule 56(d) does not apply. To the extent that Plaintiff seeks additional discovery to defeat Defendants' factual challenge under Rule 12(b)(1), the Court finds additional discovery unnecessary because it agrees with Plaintiff that Defendants' challenges to Plaintiff's standing are too intertwined with the merits to provide a basis for dismissal now. *See infra* Section III.B. Discovery is thus unnecessary to the Court resolving the Rule 12(b)(1) motion in Plaintiff's favor.

Second, Defendants have filed a request for judicial notice of seven exhibits, ECF No. 16-5, to which Plaintiff has objected solely on relevance grounds, *see* Opp. at 8. Exhibit 1, Plaintiff's record with the State Bar of California, is properly subject to judicial notice. *See White v. Martel*, 601 F.3d 882, 882 (9th Cir. 2010) (court may take judicial notice of state bar records). Exhibit 2, a Google Maps printout indicating the distance between Plaintiff's address and the Store, is also subject to judicial notice as information "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *United States v. Perez-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012). Exhibits 3–7 are court filings in other actions involving Plaintiff and the results of a docket query for cases brought by Plaintiff. Court records are subject to judicial notice for their existence, not the truth of any disputed facts asserted therein. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court will thus take judicial notice of the existence of the complaint in Exhibit 3, the declarations in Exhibits 4–5, the stipulation in Exhibit 6, and the list of cases filed by Plaintiff in Exhibit 7, but not the truth of matters stated in those documents. Accordingly, the Court GRANTS the request for judicial notice of Exhibits 1–7 and OVERRULES Plaintiff's relevance objections to the same.

The Court now proceeds to the merits of Defendants' motion.

**B.     Rule 12(b)(1): Lack of Subject Matter Jurisdiction**

   **i.     Article III Standing**

Article III standing "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These elements are often referred to as injury in fact, causation, and redressability. *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the pleading stage "must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

Defendants mount a factual challenge to jurisdiction, arguing that Plaintiff lacks standing because Plaintiff has not suffered an injury in fact. *See* Mot. at 5–6. In support, Defendants provide declarations of Defendants, the sole persons working in the Store, indicating they have never seen Plaintiff. *See id.* at 5; Mulugheta Woldeselassie Decl., ECF 16-3 ¶¶ 1, 17; Tsehaye Woldeselassie Decl., ECF 16-4 ¶ 1. Further, Defendants provide a declaration from CASp James Dowgialo indicating that he inspected the Store in 2017 and made a report on potential ADA issues. *See* Dowgialo Decl., ECF 16-2 ¶¶ 2–4. Dowgialo also indicates that he inspected the property on February 19, 2022 in response to Plaintiff's lawsuit, and he found that the remediation procedures he recommended in his original report were followed and maintained. *See id.* ¶¶ 5–6. Specifically, Dowgialo measured the aisles and found that the aisle widths were generally more than 36 inches wide. *See id.* ¶ 7. Defendants also offer three additional pieces of evidence related to this argument: (1) a complaint in another case against Defendants for ADA violations; (2) a

6

1　declaration from Plaintiff's former paralegal asserting that Plaintiff does not actually visit the

2　businesses he sues; and (3) a declaration filed by Plaintiff in a state court case. *See* RJN, ECF 16-

3　5, Exs. 3–5. Defendants rely on this evidence in support of their arguments that the Store is in

4　compliance with ADA, that Plaintiff trained others to take measurements of ADA features for him,

5　and that Plaintiff himself does not actually visit the stores he sues. *See* Mot. at 2, 5–6.

6　　　　Based on the evidence they provide, Defendants argue Plaintiff has not suffered an injury

7　in fact. *See* Mot. at 5. In response, Plaintiff provides a declaration stating that (1) he visited the

8　Store on October 28 and November 23, 2021, and entered the Store on October 28, 2021, and (2)

9　he observed that the Store's aisles were too narrow to use his wheelchair during his two visits. *See*

10　Scott Johnson Decl., ECF 21-2 ¶¶ 3–5. Based on this declaration, Plaintiff argues he has suffered

11　an injury in fact. *See* Opp. at 9–10.

12　　　　While Defendants are correct that the Court can consider extrinsic evidence in evaluating

13　subject matter jurisdiction, *see* Mot. at 4, the Court finds it improper to resolve the disputed facts

14　about the accessibility of the Store on a jurisdictional challenge. "Jurisdictional finding of

15　genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are

16　so intertwined that the question of jurisdiction is dependent on the resolution of factual issues

17　going to the merits' of the action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d

18　138, 139 (9th Cir. 1983). The issues raised by Defendants are too intertwined with the merits of

19　Plaintiff's ADA claim for the Court to resolve this issue on a Rule 12(b)(1) motion. Here, finding

20　that Plaintiff suffered no injury in fact would require deciding whether the Store's facilities are

21　accessible to Plaintiff. But this is a "factual issue[ ] going to the merits" of whether the Store

22　complies with ADA accessibility requirements. *Safe Air for Everyone*, 373 F.3d at 1039; *see also*

23　*Johnson v. Supakam Corp.*, 2022 U.S. Dist. LEXIS 44050, at *15-16 (N.D. Cal. Mar. 11, 2022)

24　(declining to dismiss based on Rule 12(b)(1) mootness challenge where issue of whether

25　implemented changes fixed ADA issues was too intertwined with the merits); *Johnson v. Fogo De*

26　*Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *3 (N.D. Cal.

27　Sept. 1, 2021) (declining to dismiss based on Rule 12(b)(1) standing challenge where issue of

28　whether the restaurant's facilities are accessible to Plaintiff was too intertwined with the merits).

7

1  Additionally, it is disputed whether Plaintiff actually encountered any barriers or even personally
2  entered the store. Plaintiff's declaration puts this in dispute and Defendants' declarations are
3  inconclusive, so the Court finds this issue inappropriate to resolve at this juncture. Accordingly,
4  the Court rejects Defendants' challenge to Plaintiff's standing to assert his ADA claim.

### ii. Standing to Seek Injunctive Relief

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Defendants argue that Plaintiff does not have standing to seek injunctive relief because he has no intent to return to the Store or actual deterrence from visiting the Store in the future, because Plaintiff lives too far and has no concrete plans to return to the Store. *See* Mot. at 6–11. Plaintiff here alleges that he will "return to the Store … once it is represented to him that the Store and its facilities are accessible," but is "currently deterred from doing so" because of the alleged inaccessibility. *See* Complaint ¶ 20. The Ninth Circuit has held that allegations that a disabled plaintiff intends to visit a place of public accommodation but is deterred from doing so by noncompliance with the ADA are sufficient to establish standing to seek injunctive relief. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Whitaker v. Peet's Coffee, Inc.*, 2022 U.S. Dist. LEXIS 73417, at *6–9 (N.D. Cal. Apr. 21, 2022) (rejecting challenge to intent to return allegations on Rule 12(b)(1) and 12(b)(6) motion). Just as in *Whitaker*, Plaintiff here sufficiently alleges intent to return and deterrence and so possesses injunctive relief standing.

Defendants urge the Court to require Plaintiff to plead additional elements to establish injunctive relief standing, as some other district courts in the Ninth Circuit have in ADA cases.

8

*See* Mot. at 6 (citing *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1213 (S.D. Cal. 2007)). Other courts have required plaintiffs to plead these "*Harris* factors": (1) proximity to the defendant's property, (2) past patronage, (3) definitiveness of plaintiff's plans to return, and (4) frequency of nearby travel. *Harris*, 472 F. Supp. 2d at 1216. The Court declines to require these additional elements on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing. *See Fogo De Chao*, 2021 WL 3913519, at *4; *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly").

Defendants' proffered evidence does not alter this conclusion. Defendants offer four documents relevant to this argument: (1) Plaintiff's profile on the California State Bar website; (2) Google Maps search results indicating driving distance between Plaintiff's residence and the Store; (3) an order in Plaintiff's criminal case for alleged tax violations; and (4) documents purporting to show thousands of cases filed in this District by Plaintiff. *See* RJN, Exs. 1, 2, 6–7. The Ninth Circuit has rejected reliance on the distance between a plaintiff's residence and the location in question in the intent to return analysis. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Notwithstanding the distance [of 550 miles] between [plaintiff]'s home and the 7-Eleven, there is an actual or imminent threat that, during his planned future visits to Anaheim, [plaintiff] will suffer harm as a result of the alleged barriers."). Additionally, the Ninth Circuit has urged "our most careful scrutiny" before relying on past litigation to prevent an ADA plaintiff from pursuing a valid claim in federal court. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). Finally, the Court finds that the allegations of tax violations against Plaintiff are not relevant to the ADA claims in the present case. At bottom, the type of generalized and collective evidence Defendants present here does not directly bear upon the crux of the standing inquiry presently before the Court, *i.e.*, whether Plaintiff intends to return to the Store at issue in this case. *See Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 875–76 (S.D. Cal. 2019) ("Plaintiff's professed intentions to visit the other hotels—sincere or otherwise—are not before this Court. For the purposes of this Rule 12(b)(1) motion, the Court is only concerned

1 whether Plaintiff has adduced enough support for the proposition that she is likely to return to the
2 Radisson.").

3       Plaintiff thus has alleged sufficient facts to support standing to seek injunctive relief.

4 **C.  Rule 12(b)(6): Failure to State a Claim**

5       Defendants also argue that Plaintiff fails to state a claim for violation of the ADA because
6 his "conclusory" allegations lack the requisite specificity to survive a challenge pursuant to Rule
7 12(b)(6). *See* Mot. at 11. Defendants that assert Plaintiff fails to allege how the barriers in the
8 aisles personally impeded his path of travel. *See id.* at 12. Plaintiff responds that he has adequately
9 alleged an ADA cause of action and Defendants' demand of detailed facts are not required in a
10 complaint. *See* Opp. at 22.

11       To support their argument that Plaintiff's allegation lacks the requisite specificity,
12 Defendants primarily rely on the Ninth Circuit's decision in *Whitaker v. Panama Joes Invs. LLC*,
13 840 F. App'x 961, 964 (9th Cir. 2021), which affirmed the defendant's failure to state ADA
14 discrimination claim. *See* Mot. at 11–12. That case is distinguishable. The plaintiff in that case had
15 only cursory allegations that the defendant had failed to provide "accessible dining surfaces,"
16 "accessible paths of travel in the patio area" or "accessible restrooms." The Ninth Circuit held that
17 these allegations failed to provide sufficient underlying facts to "give fair notice and allow the
18 opposing party to defend itself." *Id.* Here, in contrast, Plaintiff alleges "one problem" he
19 encountered was "the paths of travel inside the Store narrowed to less than 36 inches in width in
20 some places." *See* Complaint ¶ 12. This level of detail gives Defendants "fair notice" about what
21 part of the Store Plaintiff alleges does not comply with the ADA. *See Whitaker v. Surf & Turf,*
22 *LLC*, No. 21-cv-3100-JCS, 2021 WL 3427122, at *3 (N.D. Cal. Aug. 5, 2021) (denying motion to
23 dismiss ADA claim and distinguishing *Panama Joes Invs.* and similar unpublished cases).
24 Plaintiff need not provide more detail, such as which specific aisle impeded Plaintiff's path of
25 travel, at this stage of the proceedings. *Contra* Mot. at 12.

26       Plaintiff's allegations thus meet the requirements of Rule 12(b)(6).

27 **D.  Supplemental Jurisdiction**

28       Defendants argue that the Court should decline supplemental jurisdiction for Plaintiff's

Unruh Act claim. *See* Mot. at 12–13. Since the Court declines to dismiss Plaintiff's ADA claim, the Court finds that supplemental jurisdiction for Plaintiff's Unruh Act claim is appropriate. *See Johnson v. Rando*, 2021 WL 2986965, at *6 (N.D. Cal. Jul. 15, 2021).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED. Defendants SHALL file an answer to the Complaint **no later than 21 days from the date of this Order**.

Dated: June 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge